# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Aka Lawrence Fualefeh,                              Civ. No. 16-181 (PAM/BRT)

                        Petitioner,

v.                                                      **REPORT AND**
                                                        **RECOMMENDATION**

Becky Dooley, Warden of Moose
Lake Correctional Facility,

                        Respondent.

BECKY R. THORSON, United States Magistrate Judge.

        Aka Lawrence Fualefeh was convicted in Minnesota of first-degree criminal

sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(a), after he molested an

eleven-year-old girl. Fualefeh has filed a *pro se* petition for a writ of habeas corpus under

28 U.S.C. § 2254, challenging his conviction on due process and other constitutional

grounds. (Doc. No. 1, Pet. 6–11.) Specifically, Fualefeh claims that: (1) the prosecution

failed to prove every element of his crime beyond a reasonable doubt, particularly the

supposed element of genital-to-genital contact; (2) the trial court failed to properly

instruct the jury on the elements of genital-to-genital contact, intent, and position of

authority; (3) inconsistencies in the victim's statements undermined the sufficiency of the

evidence to convict; (4) the prosecution withheld police interview reports relating to the

victim's parents, which purportedly contained exculpatory information; (5) a police

detective committed perjury when he testified that he could not recall whether he

personally interviewed Fualefeh's wife; and (6) the prosecution engaged in misconduct

when it knowingly elicited that perjured testimony and failed to timely disclose the wife's

interview statement. (*See* Pet. 6–11; Doc. No. 2, Pet'r's Br. 3–39.) Because it is apparent

from Fualefeh's petition, supporting brief, and exhibits, as well as available court records,

that he has procedurally defaulted his claims in state court, this Court recommends that

the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts.[1]

## BACKGROUND

The facts underlying Fualefeh's conviction were summarized by the Minnesota

Court of Appeals on his direct appeal:

> Fualefeh lived in the home of his friends C.F. and P.F. C.F. and P.F. have a
> daughter, B.N., who was 11 at the time. B.N. testified that [Fualefeh] came
> into her bedroom one night and woke her up. [Fualefeh] asked her to go
> downstairs, and they went into the living room where he started kissing her.
> She testified that he put his hand down her pants and put his fingers in her
> vagina. The next morning, B.N. reported the encounter to her mother.
> B.N.'s parents confronted [Fualefeh]; he denied B.N.'s allegations. B.N.'s
> parents chose not to call the police at that time but instructed B.N. to let
> them know if it happened again.

---

[1]  Rule 4 requires preliminary review of a habeas petition and summary dismissal
"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court." Courts may raise a petitioner's procedural default
on their own initiative, provided that the petitioner is given notice and an opportunity to
address the issue. *See Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014). In his petition
and supporting brief, Fualefeh has anticipated that his claims may be procedurally
defaulted, effectively conceded as much, and argued why he is nevertheless entitled to
have his claims heard on the merits. (*See* Pet. 7–11; Pet'r's Br. 3–7, 16–17.) Even if those
circumstances do not meet the notice and opportunity requirements, this Report and
Recommendation, coupled with Fualefeh's ability to object to its conclusions, would. *See
Wogoman v. Abramajtys*, 243 F. App'x 885, 890 n.1 (6th Cir. 2007); *Mitchell v. Director,
TDCJ-CID*, No. 1:10CV600, 2010 WL 5330495, at *1 (E.D. Tex. Dec. 20, 2010).

> A few months later, A.W., B.N.'s five-year-old female cousin, who also lived in the home, reported that [Fualefeh] had kissed her on the mouth. B.N.'s parents immediately called the police, and a Fridley police deputy was dispatched to the home. The deputy learned that several immigrant families from Cameroon were living at the residence. The deputy also learned of the alleged sexual contact between [Fualefeh] and B.N. B.N. and A.W. gave interviews describing their encounters with [Fualefeh] to a detective trained in interviewing children. [Fualefeh] was charged with one count of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(a) (2010), based on the encounter with B.N.; no charges were filed with respect to his encounter with A.W.

*State v. Fualefeh*, No. A13-0678, 2014 WL 2807533, at *1 (Minn. Ct. App. June 23, 2014). Following a jury trial, Fualefeh was convicted of first-degree criminal sexual conduct and sentenced to 144 months in prison. *Id.*

Fualefeh, through appointed counsel, appealed his conviction on a single ground, arguing that the trial court improperly admitted A.W.'s testimony under Minn. Stat. § 634.20. *Id; (see also* Pet. 3–4, 7.) The Minnesota Court of Appeals rejected the argument and affirmed Fualefeh's conviction. *Fualefeh*, 2014 WL 2807533, at *1–2. Fualefeh then filed a *pro se* petition for state post-conviction relief. As summarized by the Minnesota Court of Appeals, Fualefeh's state post-conviction petition alleged that "(1) his due-process rights were violated because the arresting officer prejudged [his] guilt, falsely reported a crime, and otherwise committed investigatory misconduct; (2) [his] due-process rights were violated by the timing of his arrest and by the state's charging decisions; and (3) the evidence was insufficient to convict due to inconsistencies in the alleged victim's testimonial statements." *Fualefeh v. State*, No. A15-0186, 2015 WL 6113484, at *1 (Minn. Ct. App. Oct. 19, 2015). The trial court denied the petition, finding that each of Fualefeh's claims for post-conviction relief were procedurally barred

3

under *State v. Knaffla*, 243 N.W.2d 737 (1976), because they could have been raised on direct appeal. *Id.*; *see also Knaffla*, 243 N.W.2d at 741 ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").

Fualefeh appealed the denial of his post-conviction petition and asserted additional claims of ineffective assistance of trial and appellate counsel, that his "due-process and confrontation rights were violated by the delayed disclosure of police interview reports and by perjured testimony," that the prosecution engaged in misconduct in handling those reports and suborning perjury, and that the testimony of the victim's father contained inconsistencies. *Fualefeh*, 2015 WL 6113484, at *2. The Minnesota Court of Appeals affirmed the denial of Fualefeh's post-conviction petition, agreeing that the claims raised therein were *Knaffla*-barred because they "could have been raised on Fualefeh's direct appeal" and did not fall within an exception to that state procedural bar. *Id.* at *1. The Court also found that, with the exception of Fualefeh's allegation of ineffective assistance of appellate counsel, his additional claims for relief were both *Knaffla*-barred, as they could have been raised on direct appeal, and forfeited by Fualefeh's failure to raise them in his underlying post-conviction petition. *Id.* at *2. While Fualefeh's remaining claim of ineffective assistance of appellate counsel was not barred by *Knaffla*, the Court held that Fualefeh had "forfeited" the claim by failing to assert it in his post-conviction petition. *Id.* The Court stressed that "a claim of ineffective assistance of appellate counsel may not be raised for the first time on appeal from the denial of postconviction relief." *Id.*

4

**ANALYSIS**

With few exceptions, federal habeas courts are barred from reviewing the merits of claims that have been procedurally defaulted in state court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A state prisoner can procedurally default a claim for federal habeas relief in one of two possible ways. First, a claim is procedurally defaulted where it was rejected by the state courts on an "independent and adequate" state procedural ground, one that was "firmly established and regularly followed" at the time. *Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007) (quoting *Coleman*, 501 U.S. at 730, and *Ford v. Georgia*, 498 U.S. 411, 424 (1991)). Second, a claim is likewise defaulted where a petitioner has failed to properly exhaust available state court remedies, as required by 28 U.S.C. § 2254(b)(1), by fairly presenting the claim in each appropriate state court, and state procedural rules would preclude further attempts at exhaustion. *See Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011). To properly exhaust a claim in state court, a petitioner must present it to the state courts "in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). If a claim is raised "in a procedural context in which its merits will not be considered," and its merits are thereby not considered, then the exhaustion requirement has not been satisfied. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Fualefeh has procedurally defaulted each of his claims for federal habeas relief. All but two of the claims—*i.e.*, those relating to the supposed element of genital-to-genital contact and the trial court's jury instructions—were rejected by the Minnesota Court of Appeals as procedurally barred under *Knaffla* and, in several instances, as also

forfeited by Fualefeh's failure to raise them in his state post-conviction petition. *See Fualefeh*, 2015 WL 6113484, at *1–2. The state procedural rules invoked by the Minnesota Court of Appeals are firmly established and regularly followed by state courts, meaning that they constitute independent and adequate state grounds for rejecting Fualefeh's claims. *See, e.g.*, *Buckingham v. State*, 799 N.W.2d 229, 234 (Minn. 2011) (applying *Knaffla*); *Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (holding that a petitioner had waived a claim that was not raised in his state post-conviction petition). Fualefeh's remaining challenges to the trial court's jury instructions and the sufficiency of the evidence to establish genital-to-genital contact have not been properly exhausted in state court and would now be barred from further exhaustion under *Knaffla*, as they could have raised on direct appeal. Thus, they too are procedurally defaulted.[2]

In his petition and supporting brief, Fualefeh both anticipates and effectively acknowledges that his claims are procedurally defaulted, but seeks to overcome the default based on allegations of actual innocence, ineffective assistance of appellate counsel, and his own lack of legal training and knowledge. (*See* Pet. 6–10; Pet'r's Br. 3–7, 15–17.) A petitioner may surmount a procedural default by demonstrating either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Cause sufficient to excuse a procedural default refers

---

[2]   Fualefeh indicates that he unsuccessfully attempted to raise several of his claims in a motion to amend his post-conviction petition, which the trial court denied. (Pet. 7–8.) Regardless of whether that denial was appropriate, those claims would still be procedurally barred under *Knaffla* because they could have been raised on direct appeal.

to "some objective factor external" to the petitioner, "something that cannot fairly be attributed to him," which impeded his ability to comply with state procedural rules. *Id.* at 753 (quotation omitted). While a claim of ineffective assistance of counsel may serve as cause for a procedural default, a petitioner cannot rely on such a claim unless it was itself properly exhausted in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (explaining that an ineffective-assistance claim cannot be used to establish cause unless it was first presented to the state courts in a manner that state law requires); *accord Murray v. Carrier*, 477 U.S. 478, 489 (1986); *Williams v. Groose*, 77 F.3d 259, 262 (8th Cir. 1996). Moreover, to satisfy the miscarriage-of-justice exception, a petitioner must make a credible showing of actual innocence, not mere legal innocence, through new and reliable evidence. *See Schlup v. Delo*, 513 U.S. 298, 321–24 (1995); *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994).

Fualefeh's attempts to overcome the procedural default of his claims are unavailing. His asserted lack of legal training and knowledge are not external factors that can serve as cause to excuse his failure to properly raise his claims in state court. *See Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991) ("Stanley's pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default."); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (stating that "pro se status," limited "educational background," and "procedural ignorance" do not constitute cause for a procedural default). Nor can his appellate counsel's alleged ineffectiveness. For one thing, Fualefeh was entitled to file a *pro se* supplemental brief on direct appeal asserting claims that his appellate attorney either refused or neglected to

raise. *See* Minn. R. Crim. P. 28.02, subd. 5(17). Claims that could and should have been raised on direct appeal, but which Fualefeh failed to assert in a *pro se* supplemental brief, cannot be blamed solely on his attorney's actions, and Fualefeh has not identified any external factor that impeded his ability to file a *pro se* brief raising the very claims that he is now attempting to pursue on federal habeas. More importantly, Fualefeh cannot rely on a claim of ineffective assistance of appellate counsel to establish cause for his procedural default because he did not properly exhaust that claim in state court. *See Carpenter*, 529 U.S. at 452; *Murray*, 477 U.S. at 489; *Williams*, 77 F.3d at 262. Although Fualefeh attempted to raise a claim of ineffective assistance of appellate counsel during his state post-conviction proceedings, the Minnesota Court of Appeals refused to consider the claim because it was not raised in Fualefeh's underlying petition and could "not be raised for the first time on appeal from denial of postconviction relief." *Fualefeh*, 2015 WL 6113484, at *2. Because Fualefeh did not raise his ineffective-assistance claim in a procedural manner that entitled him to a ruling on its merits, and because the Minnesota Court of Appeals thereby declined to consider its merits, he has not properly exhausted that claim and cannot rely on it to establish cause for the default of his substantive claims for federal habeas relief. *See Carpenter*, 529 U.S. at 452; *Gentry*, 175 F.3d at 1083.

That leaves Fualefeh's self-styled claim of "actual innocence," which asserts that the prosecution failed to prove every element of first-degree criminal sexual conduct beyond a reasonable doubt, particularly that of genital-to-genital contact. (*See* Pet. 6; Pet'r's Br. 3–5, 10–11.) "Claims of 'actual innocence' are extremely rare and are based on 'factual innocence not mere legal insufficiency.'" *United States v. Lurie*, 207 F.3d

8

1075, 1077 n.4 (8th Cir. 2000) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Accordingly, in order to successfully invoke the actual-innocence exception to the procedural default rule, a petitioner must make a colorable showing of factual innocence, not mere legal innocence, through the presentation of new and reliable evidence. *See Schlup*, 513 U.S. at 321–24; *Anderson*, 25 F.3d at 707. Though styled as a claim of actual innocence, Fualefeh's challenge to the sufficiency of the prosecution's case against him is really "one of legal innocence" and, thus, cannot serve to open the portal to consideration of his procedurally defaulted claims. *See Pitts v. Norris*, 85 F.3d 348, 350–51 (8th Cir. 1996) (explaining that "[t]he actual innocence exception is concerned with claims of actual, not legal innocence," and that a challenge to the sufficiency of the evidence to support a conviction is "one of legal innocence").

Even if the actual-innocence exception encompassed colorable claims of legal innocence, Fualefeh's claim is based on a misunderstanding of Minnesota law. Under Minn. Stat. § 609.342, subd. 1(a), an adult may commit first-degree criminal sexual conduct in one of two distinct ways — by sexually penetrating a minor under the age of thirteen *or* engaging in sexual contact with such a person. *See* Minn. Stat. § 609.342, subd. 1(a) (2010) ("A person who engages in sexual penetration with another [under thirteen years of age], *or* in sexual conduct with a person under 13 years of age as defined in section 609.341, subdivision 11, paragraph (c), is guilty of criminal sexual conduct in the first degree . . . .") (emphasis added). Only one of those alternate means of committing the crime—sexual contact—requires genital-to-genital contact or an element of sexual or aggressive intent. *See* Minn. Stat. § 609.341, subd. 11(c) (2010) (defining

sexual contact for purposes of § 609.342, subd. 1(a), as the "intentional touching of the [victim's] bare genitals or anal opening with the [defendant's] bare genitals or anal opening with sexual or aggressive intent . . . ."). Sexual penetration, by contrast, includes "any intrusion however slight into the genital or anal openings . . . of the [victim's] body *by any part of the [defendant's] body* or any object used by the [defendant] for this purpose." *Id.* § 609.341, subd. 12(2)(i) (2010) (emphasis added). The victim's trial testimony that Fualefeh put his fingers in her vagina, which the jury was entitled to believe, was sufficient to show sexual penetration and, thus, to convict Fualefeh of first-degree criminal sexual conduct even in the absence of genital-to-genital contact.[3] *See United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005) ("It is well-established . . . that credibility is the province of the jury, and the jury was free to determine what weight should be given to [the victim's] testimony . . . . Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict.").

---

[3]     For similar reasons, Fualefeh's challenge to the trial court's jury instructions is also misguided. According to Fualefeh, the trial court instructed the jury that it could find him guilty of first-degree criminal sexual conduct if he "intentionally sexually penetrated B.N.," which it defined as "[a]ny intrusion, however slight, of any part of a person's body into the genital or anal openings of another person's body." (Pet'r's Br. 8.) Contrary to Fualefeh's contentions, genital-to-genital contact, sexual or aggressive intent, and position of authority were not essential elements of his offense. (*See* Pet. 6' Pet'r's Br. 3.). Genital-to-genital contact and sexual or aggressive intent are only relevant in cases of non-penetrative contact. *See* Minn. Stat. § 609.341, subd. 11(c) & subd. 12. And whether the defendant occupied a position of authority with respect to the victim only matters where the defendant did not personally penetrate the victim's genital or anal openings, but induced the victim herself or a third person to do so. *See id.* § 609.341, subd. 12(2) (providing that where the victim's genitals were penetrated by their own body or that of a third person, the defendant may only be held liable where he caused the penetration due to "a position of authority, or by coercion, or by inducement").

Because it is clear that Fualefeh's habeas claims are procedurally defaulted, this Court recommends that his petition be summarily dismissed. This Court further recommends that Fualefeh not be granted a certificate of appealability because, for the reasons already discussed, reasonable jurists could not debate the question of procedural default. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 485 (2000) ("Where a plain procedural bar is present . . ., a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Aka Lawrence Fualefeh's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) be **DISMISSED WITH PREJUDICE**; and

2.     No certificate of appealability be granted in this matter.

Date: March 31, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **April 15, 2016**. A party may respond to those objections within **fourteen days** after service thereof.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

11