## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Aka Lawrence Fualefeh,                                  Case No. 16-cv-181 (PAM/BRT)

          Petitioner,

v.                                                      **MEMORANDUM AND ORDER**

Becky Dooley, Warden,

          Respondent.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Becky R. Thorson dated March 31, 2016. In the R&R, the Magistrate Judge recommends dismissal of Petitioner's Petition for a Writ of Habeas Corpus with prejudice. Petitioner filed timely objections to the R&R.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court concludes that the R&R correctly determined that Petitioner's habeas corpus petition should be summarily dismissed.

Petitioner Aka Lawrence Fualefeh was convicted of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(a) and sentenced to 144 months' imprisonment. See State v. Fualefeh, 2014 WL 2807533, at *1 (Minn. Ct. App. June 23, 2014) (affirming Petitioner's conviction), review denied (Sept. 16, 2014). The facts underlying his conviction are set out fully in the R&R, and will not be repeated here. He is currently incarcerated at the Minnesota Correctional Facility in Moose Lake.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to perform a preliminary review of Fualefeh's habeas petition and summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Upon review of "Fualefeh's petition, supporting brief, and exhibits, as well as available court records," the R&R concludes, Fualefeh has procedurally defaulted his claims in state court. (R&R at 2.) See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (precluding federal habeas courts from reviewing the merits of claims that have been procedurally defaulted in state court).

Fualefeh's Petition alleges six claims. He alleges that: (1) the prosecution failed to prove genital-to-genital contact, a supposed element of his crime; (2) the trial court failed to properly instruct the jury on the elements of genital-to-genital contact, intent, and position of authority; (3) there were inconsistencies in the victim's statements; (4) the prosecution withheld police interview reports with exculpatory information; (5) a police detective who testified that he could not recall whether he personally interviewed Fualefeh's wife committed perjury; and (6) the prosecution knowingly elicited that perjured testimony and failed to timely disclose the wife's interview statement. All of Fualefeh's claims are procedurally defaulted.

Claims one and two were not raised on direct appeal, and are therefore barred under State v. Knaffla, 243 N.W.2d 737 (1976). The Minnesota Supreme Court rejected Fualefeh's remaining claims, concluding that they are Knaffla-barred and forfeited, because Fualefeh did not raise them in his state petition for post-conviction relief.

2

Fualefeh v. State, No. A15-0186, 2015 WL 6113484, at *1-2 (Minn. Ct. App. Oct. 19, 2015). Fualefeh attempts to overcome the default by alleging actual innocence, ineffective assistance of appellate counsel, and his lack of legal training and knowledge as a pro se petitioner.

First, Fualefeh argues that the prosecution did not prove all the elements of first-degree criminal sexual conduct beyond a reasonable doubt, primarily that of genital-to-genital contact. The R&R correctly points out that under Supreme Court and Eighth Circuit precedent, Fualefeh must make a colorable showing of factual innocence by presenting new, reliable evidence. See Schlup v. Delo, 513 U.S. 298, 321-24 (1995); Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). Even though Fualefeh styles his claim as "actual innocence," substantively, Fualefeh is claiming legal innocence. Therefore, the Court has no reason to consider his procedurally defaulted claims. Moreover, the prosecution did not have to prove genital-to-genital contact to establish first-degree criminal sexual conduct beyond a reasonable doubt. As an alternative to genital-to-genital contact, the jury was entitled to believe that Fualefeh "sexually penetrated" his victim under Minn. Stat. § 609.342, subd. 1(a), and was therefore guilty of first-degree criminal sexual conduct.

Second, Fualefeh claims ineffective assistance of appellate counsel. Magistrate Judge Thorson concluded that, on direct appeal, Fualefeh was entitled to bring any claims his appellate attorney did not by filing a pro se supplemental brief. See Minn. R. Crim. P. 28.02, subd. 5(17). The Court agrees. Fualefeh has not identified any objective external factor not fairly attributable to him that prevented him from raising the claims in the

instant Petition in a pro se supplemental brief. See Coleman, 501 U.S. at 750. Fualefeh cannot, therefore, blame his failure to raise claims that his attorney did not raise on direct appeal on anyone but himself. In any case, Fualefeh did not properly exhaust this claim in state court, and therefore he cannot argue that ineffective assistance of appellate counsel caused the procedural default. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000).

Finally, the Court agrees with Magistrate Judge Thorson that Fualefeh's lack of legal training and education are not external factors that could have excused Fualefeh's failure to raise his claims in state court. See Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). As the R&R concludes, Fualefeh's claims are procedurally defaulted, and therefore summary dismissal of his Petition is appropriate.

No certificate of appealability will issue, because the Court agrees that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)).

Accordingly, **IT IS HEREBY ORDERED that:**

1. The R&R (Docket No. 8) is **ADOPTED**;

2. Aka Lawrence Fualefeh's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1) is **DISMISSED with prejudice**; and

3. A certificate of appealability is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 4, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge